Reuben A. Chapman & others *vs.* Josiah Williams & Trustee

The grantee of real estate conveyed without adequate consideration cannot be charged as the trustee in foreign attachment of the grantor.

Under the *St.* of 1857, *c.* 249, a note made payable to a married woman is exempt from attachment by subsequent creditors of her husband.

Trustee process, commenced on the 28th of March 1858. Warren Fuller, summoned as trustee of Josiah Williams, disclosed in his answers as follows :

" In January 1852 Williams conveyed to me a farm in Monson, worth from six to eight thousand dollars. The consideration expressed in the deed was ten thousand dollars. There was a mortgage upon it for three thousand dollars, besides interest. In consideration of his wife's joining in this deed, I paid her five hundred dollars, and gave to her, into her own hands, a note for two thousand five hundred dollars. I do not know what were Williams's reasons for making the conveyance; and I have no recollection of receiving any directions from him as to how the note should be made payable; but I told Mrs. Williams that I would pay the amount whenever she should procure a divorce from her husband. I have since paid seven or eight hundred dollars upon the note, and have paid debts of Williams to the amount of several hundred dollars. I consider that I have paid and am liable to pay more than the full value of the farm at the time of the conveyance."

Mrs. Williams testified that she received the note from Fuller at the time above mentioned, and that it was made payable to her, not to her order or to bearer; that " the condition of said note was, in substance, that it should be paid to her whenever she did procure a divorce from said Williams; " and that the note was not now in her possession, but in the possession of another person, whom she named.

*R. A. Chapman,* for the plaintiffs.

*E. W. Bond,* for the trustee.

Dewey, J. So far as the plaintiffs seek to charge the sup-

posed trustee by reason of his holding any real estate acquired by a conveyance from the debtor without adequate consideration therefor, or as not having paid for the same what it was really worth, this process has, by repeated decisions of this court, been held to be ineffectual. *Ripley* v. *Severance*, 6 Pick. 474. *Gore* v. *Clisby*, 8 Pick. 555. *Bissell* v. *Strong*, 9 Pick. 562. If such sale is to be avoided, it must be by a levy by the creditor on the land itself. It is not open to a creditor to hold the purchaser of such real estate to account for the actual value of the estate, in contradistinction to the price agreed upon by the parties, or the sum actually paid for the same. Hence all questions of value of the land are withdrawn from the case, in the inquiry under the trustee process. The single question is, whether the person sought to be charged as trustee has paid to the grantor the sum stipulated to be paid, or whether there is any indebtedness to the vendor from the vendee under the stipulations of the contract as made by them.

This sale, as stated in the answers of the trustee, was upon an agreement by the vendor to pay in cash the sum of five hundred dollars, which was done, and the giving of a note for two thousand five hundred dollars to the wife of the grantor, the estate being then under a mortgage for three thousand dollars. There is nothing to show that the purchaser was to pay any other or further sums than these as the consideration for the conveyance. The consideration stated in the deed is ten thousand dollars, but this is accompanied with the recital that the same is fully paid and satisfied. These recitals are to be controlled by the evidence of the real consideration, and also of the fact of payment, and are not therefore material in the present case.

The only real question here is that of the liability of the trustee to be charged in the action by reason of his indebtedness on the two thousand five hundred dollar note. This note was given to the wife of the grantor, and was made payable to her. The maker testifies that he was to pay it upon a certain condition; but it does not appear that any condition was stated in the note. We assume it to be an absolute note payable to the wife

of the grantor. The further inquiry is, whether this note was her separate estate. As to this, it appears that the note was made at the time of the execution of the deed, and then delivered to her in consideration of her joining in the deed with her husband and releasing all her rights in the land conveyed. This note was delivered to her, and the possession of the same has been retained by her, without any interference by her husband, or any claim set up by preëxisting creditors of her husband. It is now sought to be reached by subsequent creditors of her husband. It was formerly decided that the husband might, through the agency of a trustee, have placed this sum in his hands for the benefit of the wife. By our earlier decisions such a note to the wife, or any legacy or pecuniary gift to the wife, might have been the subject of a trustee process by a creditor of the husband. Those decisions were not in perfect harmony with the doctrines of the right of survivorship of the wife in all her choses in action which the husband did not choose to reduce to possession and thus change the character of. By the recent *St.* of 1857, *c.* 249, the separate property of the wife is directly exempted from attachment by the creditors of her husband. This being so, in the opinion of the court this note was not the subject of the trustee process in favor of the plaintiffs.

*Trustee discharged.*